Dear Mr. Morrow:
You have requested an opinion from this office regarding a proposed contract between the Town of Port Barre and Randolph McCormick Realty, Inc. (RMR). The stated objective of the proposed agreement is to obtain tenants for a building owned by the town "to bring economic prosperity and jobs to the local residents." Specifically, you ask the following question:
 Is the Town of Port Barre prohibited by Public Bid Law from entering into a contract with RMR?
Louisiana Revised Statute 38:2211A (10) states:
 "Public entity" means and includes the state of Louisiana or any political subdivision of the state, including but not limited to any political subdivision as defined in Article VI Section 44 of the Constitution of Louisiana .
Louisiana's Public Bid Law, La.R.S. 38:2211 et seq, applies to political subdivisions of the state. However, Attorney General Opinion No. 92-492, discussing Public Bid Law, states:
 Court decisions interpreting this provision over the years have made clear that the public bid requirement is applicable to "public work" and to "purchases of materials and supplies", but not to contracts for services.
The proposed contract between the Town of Port Barre and RMR is a contract for services. Thus, the Town of Port Barre is not prohibited by Public Bid Law from entering into a contract with RMR.
Next, you ask if there are any other provisions of the law that might apply to a proposed contract between RMR and the Town of Port Barre. The provisions of Public Lease Law, Louisiana Revised Statute 41:1211 et seq
are applicable. Attorney General opinion 90-147 states that the lease of public property for a reasonable compensation and in conformity with LSA-R.S. 41:1212 does not violate Article VII, Section 14 of the 1974 Louisiana Constitution. The Public Lease Law statutes require among other things that the availability of the property be advertised to the public and that the lease should be for a serious consideration related to the value and utility of the property and the market conditions in the area. (Attorney General Opinion No. 89-209).
Louisiana Revised Statute 33:4712 provides specific requirements regarding the lease of property by a municipality. As the agent for the city in this matter, RMR must follow the provisions of these statutes. The guidelines and procedures are exacting in nature and the municipality must insure that the procedural requirements are followed to avoid violation of statutory mandates. Finally, Louisiana Revised Statute33:4717.1 discusses use of property for industrial inducement.
If the State of Louisiana funded the building in part using tax-exempt bond proceeds, you should review the Cooperative Endeavor Agreement with the state to be certain there is no conflict or continuing obligation.
In conclusion, as the contract between the Town of Port Barre and RMR is a contract for services, it may be awarded without the necessity of competitive bidding or competitive negotiation so long as the municipality does not violate other statutes or restrictions.
Please do not hesitate to contact this office if you have additional questions.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ SUE McNABB Assistant Attorney General
RPI:SM/sfj
DATE RELEASED: August 20, 2002